United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

ULADZUSLAU "VLAD" ZHLUKTSIONAK,

Plaintiff,

v.

REDDIT, INC.,

Defendant.

Case No. 25-cv-08685-LB

**ORDER DENYING MOTION TO TRANSFER VENUE AND GRANTING IN PART AND DENYING IN PART MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Re: ECF Nos. 14, 17

**INTRODUCTION**

The plaintiff, a Washington resident, sued his former employer, defendant Reddit, Inc., a Delaware corporation headquartered in the Northern District of California, claiming wrongful termination after he took protected medical leave, in violation of California and federal law.[1] The claims are (1) a violation of the California Family Rights Act (CFRA), Cal. Gov't Code § 12945.2, (2) retaliation in violation of the CFRA, *id.* § 12940(h), (3) interference with rights under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2615(a), (4) retaliation under the FMLA, *id.* § 2615(b), (5) wrongful termination in violation of public policy, (6) breach of implied contract, and (7) whistleblower retaliation, Cal. Lab. Code § 1102.5.[2] Reddit moved to transfer the case to

---

[1] Compl. – ECF No. 1-3 at 5 (¶ 2), 6–7 (¶¶ 13–27). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 6–7 (¶¶ 13–27).

ORDER – No. 25-cv-08685-LB

United States District Court
Northern District of California

the Western District of Washington pursuant to 28 U.S.C. § 1404(a) because the defendant and witnesses reside there, and it moved for partial judgment on the pleadings for (1) claims one and two because as a Washington resident, the plaintiff was not entitled to CFRA leave and, for claim two, did not plead interference with CFRA rights, (2) claim three because the plaintiff did not plead interference with FMLA rights, (3) claim six because at-will employees like the plaintiff have no contractual right to employment, and (4) claim seven because the plaintiff pleads no facts supporting a whistleblower claim.[3]

The motion to transfer venue is denied because the plaintiff's choice of forum in the Northern District of California, where Reddit is headquartered and decisions took place, is entitled to deference. The convenience factors do not favor transfer because witnesses are in California or can participate in discovery remotely. Non-party discovery in Washington does not outweigh the local interest in adjudicating claims involving a California employer. The motion for judgment on the pleadings is granted on the CFRA claims because the plaintiff was not a qualifying employee for CFRA benefits. He did not plead interference with CFRA or FMLA benefits, in fact received benefits, and was terminated only after he returned to work. The plausible claims under applicable state law and FMLA are retaliation, not interference. The motion is denied as to claim six, breach of implied contract, because fact disputes are better addressed at summary judgment. The motion is granted on the whistleblower claim because no fact allegations plausibly plead the claim.

### STATEMENT

The plaintiff initially resided in California and was employed by Reddit here.[4] He began as a contractor in 2018 and became a fulltime employee in January 2020.[5] He moved to Auburn, Washington, in February 2023 and worked remotely.[6] His most recent job title was "Senior

---

[3] Mots. – ECF Nos. 14-1 at 9–14, 17-1 at 8–14.

[4] Compl. – ECF No. 1-3 at 4 (¶ 1).

[5] *Id.* at 5 (¶¶ 2, 5).

[6] Foster Decl. – ECF No. 17-3 at 2 (¶¶ 3–4). This fact is undisputed.

Release Manager."[7] He performed his job satisfactorily and received positive performance evaluations.[8]

Following his diagnosis in October 2024 with a spinal tumor, he took approved medical leave for twelve weeks and returned to work on January 27, 2025.[9] At that time, Reddit "had undergone a reorganization. Plaintiff was instructed to document and train his manager in release processes."[10]

On March 3, 2025, the plaintiff "was summoned to a meeting, where he was accused of underperformance and subsequently pressured to consider 'exit options.' This meeting resulted in his termination."[11]

Reddit's employee handbook "states that employees on medical leave during a review cycle should receive a performance evaluation consistent with their previous rating. Plaintiff was denied this policy protection."[12]

The plaintiff's termination was "abrupt, unjustified, and occurred shortly after his protected leave, strongly suggesting a retaliatory motive and unlawful interference with his rights under CFRA and FMLA."[13]

The parties do not dispute the court's federal-question and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332(a). The parties consented to magistrate-judge jurisdiction.[14] 28 U.S.C. § 636(c)(1). The court held a hearing on February 5, 2026.

## ANALYSIS

The court denies the motion to transfer the case to Washington state and grants the motion for judgment on the pleadings on all claims except the contract claim.

---

[7] Compl. – ECF No. 1-3 at 5 (¶ 5).

[8] *Id.* (¶ 6).

[9] *Id.* (¶¶ 7–8).

[10] *Id.* (¶ 8).

[11] *Id.* (¶ 9).

[12] *Id.* (¶ 10).

[13] *Id.* at 6 (¶ 11).

[14] Consents – ECF Nos. 8–9.

United States District Court
Northern District of California

### 1. Venue

A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). If venue is improper, the court may either dismiss the case without prejudice, or, if it is in the interest of justice, transfer the case to any district or division in which it could have been brought. *Id.* § 1406(a); *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991).

Under 28 U.S.C. § 1404(a), the court has discretion to transfer the case to a different district where the action "might have been brought" (meaning, a district where venue also is proper) for the convenience of the parties and witnesses, in the interest of justice. 28 U.S.C. § 1404(a); *Walters v. Famous Transps., Inc.*, 488 F. Supp. 3d 930, 935 (N.D. Cal. 2020) (citing *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013)). The § 1404(a) factors are: "(1) [the] plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time to trial in each forum." *Lapachet v. Cal. Forensic Med. Grp., Inc.*, No. 16-cv-06959-HSG, 2017 WL 3917209, at *2 (N.D. Cal. Sep. 7, 2017); *see Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000); *Bloom v. Express Servs. Inc.*, No. C 11-00009 CRB, 2011 WL 1481402, at *2–6 (N.D. Cal. Apr. 19, 2011). The first four factors are private-interest factors, and the last four are public-interest factors. *Bloom*, 2011 WL 1481402, at *2–6.

In evaluating a defendant's challenge under Rule 12(b)(3) to venue, the court can consider facts outside the pleadings but must "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137–38 (9th Cir. 2004).

United States District Court
Northern District of California

Venue is proper in both districts: the Northern District of California and the Western District of Washington, where the plaintiff now resides. The issue is whether the factors favor transfer to the Western District of Washington. They do not. The plaintiff made the safe choice: filing in the district where his employer is headquartered and where decisions arguably were made.[15] His choice of forum is entitled to weight, given these facts and the plaintiff's residing here for most of his employment. *Jackson v. Tesla*, 772 F. Supp. 3d 1111, 1118–19 (N.D. Cal. 2025). His choice of California counsel is consistent with the need to litigate a case involving a California employer and decisions made here. Fact witnesses are in Washington state, but modern technology allows remote participation in depositions. Convenience of the parties and convenience of the witnesses is at least neutral. Courts in both districts can apply the applicable law, including CFRA or the equivalent Washington law. Court congestion is neutral too. This district has a local interest in a controversy related to a California employer.

Relevant to the plaintiff's choice of forum is whether an employer can be subject to personal jurisdiction in a district where an employee works remotely, for the employee's convenience, not the employer's. The answer likely is no. *Franey v. Am. Battery Sols. Inc.*, No. 22-cv-03457-LB, 2022 WL 4280638, at *5–6 (N.D. Cal. Sep. 15, 2022). The analysis might be different when the employee works in a state for the employer's benefit. *Id.* at *6. That supports the plaintiff's choice of forum, which was to select the district where the defendant was headquartered and made its decisions. That supports personal jurisdiction and the plaintiff's resulting choice of forum.

The motion to transfer venue to the Western District of Washington is denied.

## 2. Judgment on the Pleadings

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog" because the motions are "functionally identical." *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A Rule 12(c)

---

[15] Opp'n – ECF No. 19 at 3. This fact is undisputed.

motion may thus be predicated on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When considering a motion to dismiss under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "A judgment on the pleadings is proper if, taking all of [the plaintiff]'s allegations in its pleadings as true, [the defendant] is entitled to judgment as a matter of law." *Compton Unified Sch. Dist. v. Addison*, 598 F.3d 1181, 1185 (9th Cir. 2010) (Smith, J., dissenting) (citing *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993)).

### 2.1   CFRA and FMLA claims

Reddit challenges the CFRA claims (interference with rights and retaliation for exercising them) (claims one and two) because the plaintiff resides in Washington state and cannot claim CFRA benefits and in any event did not plead facts establishing interference with his rights under CFRA or the FMLA.[16] On this record and briefing, the plaintiff is not entitled to benefits under CFRA, which applies to employees in California who worked for the employer before CFRA leave and who worked at least 1,250 hours during the twelve-month period preceding the CFRA leave's commencement date. Cal. Code Regs. tit. 2, § 11087(g)(1). (The plaintiff seemingly would be entitled to leave under the equivalent Washington statute). This disposes of both CFRA claims.

An independent basis for dismissal of claims two and three is, whether styled as a claim under CFRA, an analogous Washington statute, or FMLA, no facts plausibly plead a claim for interference with the exercise of those rights. The plaintiff must plead his entitlement to rights and Reddit's interference with them. *Moore v. Regents of Univ. of Cal.*, 248 Cal. App. 4th 216, 250 (2016) (CFRA); *Capps v. Mondelez Glob., LLC*, 847 F.3d 144, 155 (3rd Cir. 2017) (FMLA). No facts allege interference. Instead, the plaintiff received leave and was terminated after he returned to work.

---

[16] Mot. – ECF No. 14-1 at 9–12.

ORDER – No. 25-cv-08685-LB                6

The motion for judgment on the pleadings is granted for claims one through three with leave to amend.

### 2.2   Breach of Implied Contract

The issue is whether the complaint plausibly alleges the existence and breach of an implied contract that Reddit would not terminate the plaintiff based on criteria that deviated from criteria in Reddit's employee handbook. The allegation is that Reddit's employee handbook "states that employees on medical leave during a review cycle should receive a performance evaluation consistent with their previous rating. Plaintiff was denied this policy protection."[17]

Under California and Washington law, at-will employment arrangements can be modified by an implied contract arising from the employer's policies or practices. *Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 712–13 (N.D. Cal. 2014); *Ritchie v. Fed. Express Corp.*, No. C04-1753L, 2007 WL 1140260, at \*1, 4 (W.D. Wash. Apr. 16, 2007). The argument is that the plaintiff did not receive a contracted performance evaluation consistent with the previous rating and that as a result, the plaintiff was fired. The motion is denied. The claim is plausibly pled, and the issue is best reserved for consideration at summary judgment.

### 2.3   Whistleblower Retaliation

The final issue is whether the complaint plausibly alleges a whistleblower claim under California Labor Code § 1102.5. It does not.

To state a claim under § 1102.5(b), a plaintiff must allege that he disclosed, or refused to participate in, conduct that he reasonably believed violated a state or federal statute, rule, or regulation, and that he suffered an adverse employment action as a result. *Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal. App. 4th 1378, 1384 (2005).

The complaint does not have any fact allegations supporting any disclosure or refusal to participate in unlawful conduct. The motion is granted.

---

[17] Compl. – ECF No. 1-3 at 5 (¶ 10).

United States District Court
Northern District of California

United States District Court
Northern District of California

## CONCLUSION

The motion to transfer venue is denied. The motion for judgment on the pleadings is granted for claims one through three and seven, with leave to amend. The plaintiff may file an amended complaint by March 2, 2026, and must attach a blackline compare of the amended complaint against the operative complaint.

**IT IS SO ORDERED.**

Dated: February 5, 2026

_____
LAUREL BEELER
United States Magistrate Judge